**In re DE SANTIS.**

**No. 133557.**

District Court, E. D. Pennsylvania.

May 11, 1939.

Mr. De Santis was not represented by counsel.

Henry T. Mulle, of Philadelphia, Pa., for the United States.

KALODNER, District Judge.

The Bureau of Immigration and Naturalization has submitted to me for determination a question of law upon the decision of which hinges the granting or dismissing of a petition for citizenship. The facts are correctly stated in a memorandum drawn up by the Senior Examiner for submission of the question to this court, and are as follows:

The petition is filed under Section 2 of the Act of September 22, 1922, as amended by the Act of May 24, 1934, § 4, 48 Stat. 797, 8 U.S.C.A. § 368, predicated upon the allegation the petitioner married a citizen of the United States on May 28, 1938. This section grants the privilege of filing a petition for citizenship without a supporting declaration of intention, and with proof of but three years' residence where the petitioner has married a citizen after September 22, 1922, or where the spouse is naturalized after September 22, 1922. Except insofar as a question might arise concerning the citizenship of the wife as of the date of marriage, all qualifications and requirements of the statute are conceded to have been met and the examiner designated under the Act of June 8, 1926, 44 Stat. 709, to conduct the preliminary hearing in this case has recommended that the petition for citizenship be granted. It is further conceded that if the petitioner's wife was a citizen of the United States on May 28,

1938, he should be naturalized on this petition.

■ The wife, Helen Marie Schulz, acquired citizenship by birth at Westwood, N. J., November 21, 1900. On October 31, 1921, she married one Alfredo Iobbi, a native of Italy and an alien, thereby losing her American citizenship by virtue of the application of Section 3 of the Act of March 2, 1907, 34 Stat. L., pt. 1, p. 1228, which was repealed effective September 22, 1922, 42 Stat. 1022, 8 U.S.C.A. § 9. The section of the 1907 Act relating to loss of citizenship by marriage reads as follows: "That any American woman who marries a foreigner shall take the nationality of her husband. At the termination of the marital relation she may resume her American citizenship, if abroad, by registering as an American citizen within one year with a consul of the United States, or by returning to reside in the United States, or, if residing in the United States at the termination of the marital relation, by continuing to reside therein."

Alfredo Iobbi became a citizen of the United States April 17, 1923, but inasmuch as his naturalization occurred subsequent to passage of the Act of September 22, 1922, it did not re-invest the wife with citizenship and she remained in an alien status during the continuance of the marriage, which was terminated by divorce on March 21, 1938. On May 28, 1938, she married the petitioner, and on January 12, 1939, the husband filed this petition.

On June 25, 1936, Congress passed an Act, 49 Stat. 1917, reading as follows: "That hereafter a woman, being a native-born citizen, who has or is believed to have lost her United States citizenship solely by reason of her marriage prior to September 22, 1922, to an alien, and whose marital status with such alien has or shall have terminated, shall be deemed to be a citizen of the United States to the same extent as though her marriage to said alien had taken place on or after September 22, 1922: Provided, however, That no such woman shall have or claim any rights as a citizen of the United States until she shall have duly taken the oath of allegiance as prescribed in section 4 of the Act approved June 29, 1906 (34 Stat. 596; U.S.C.A. title 8, sec. 381), at any place within or under the jurisdiction of the United States before a court exercising naturalization jurisdiction * * *."

Mrs. De Santis appeared before this court on February 1, 1939, and took the oath of allegiance required by the Act of June 25, 1936, and the sole question presented is whether her citizenship was restored by the Act of June 25, 1936, to the extent that her husband could claim the exemptions extended by the naturalization laws to those persons who marry American citizens, or whether, because of the proviso to the 1936 Act, the wife must have taken the oath of allegiance required by the proviso before the husband could petition for citizenship on the basis of her citizenship.

Upon the above facts and in the light of the language of the Act of June 25, 1936, it is clear to me that the prayer of the petition should be denied.

If, on May 28, 1938, the date of the marriage to the petitioner, Helen Marie Schulz was a citizen, then the petition should be granted under Section 2 of the Act of September 22, 1922, as amended, supra. Conversely, the petition should be denied if Helen Marie Schulz was not a citizen on May 28, 1938.

Helen Marie Schulz lost her citizenship under Section 3 of the Act of March 2, 1907, by taking a positive step—her marriage to an alien; under the Act of June 25, 1936, she must take an equally positive step—she must swear allegiance—before she may regain her citizenship.

■ In view of the fact that Helen Marie Schulz had not taken her oath of allegiance on May 28, 1938, she was not a citizen on that date, and her husband is not entitled to be granted citizenship by virtue of his marriage to her on the record as it exists in this case.

The petition must be denied.