## Petition of DATTILIO.

District Court, E. D. Pennsylvania.

Aug. 9, 1946.

No appearance.

KALODNER, District Judge.

The Immigration and Naturalization Service has submitted for determination the naturalization petition filed by Giulio Dattilio under Section 311 of the Nationality Code of 1940, 54 Stat. 1145, 8 U.S.C.A. § 711. This section makes it unnecessary to file a declaration of intention and requires only two continuous years of residence in the United States immediately preceding the filing of the petition, where petitioner is "a person who upon the effective date of this section is married to or thereafter marries a citizen of the United States, or whose spouse is naturalized after the effective date of this section, if such person shall have resided in the United States in marital union with the United States citizen spouse for at least one year immediately preceding the filing of the petition for naturalization."

Giulio Dattilio was lawfully admitted to the United States for permanent residence on April 11, 1906. He filed his petition for naturalization on September 23, 1943, alleging therein that he married a native and national of the United States on July 3, 1935, with whom he is living in marital union. These allegations, if established, unquestionably entitle him to proceed toward naturalization under Section 311 of the Nationality Act of 1940.

However, the record discloses that petitioner's wife, although born in the United States, married an alien in 1918, thereby losing her citizenship under the law as it was then effective. Section 3, Act of March 2, 1907, 34 Stat. 1228, repealed effective September 22, 1922, 42 Stat. 1022. In 1928, her husband died, and, as before stated, on July 3, 1935, she married petitioner.

Petitioner's wife was entitled to the benefits of the Repatriation Act of June 25, 1936, but she has never taken the oath of allegiance thereunder. Whether the petition is entitled to the exemptions of Section 311 of the Nationality Code depends upon whether petitioner's wife is a citizen, and that in turn is a question of contruction of the Repatriation Act of June 25, 1936, 49 Stat. 1917.[1]

The issue raised is identical to that determined previously in two cases by this Court: In re De Santis, D.C., 1939, 56 F.Supp. 101 and In re Charles Portner, D.C., 1944, 56 F.Supp. 103. In both cases this Court denied the pending petition for naturalization. This Court was, and still is, of the view that the repatriated wife has no rights as a citizen until she has taken the oath of allegience.

Accordingly, for the reasons given, and upon the analysis contained in the two cited cases, the petition herein must be, and is, denied.

An Order may be entered in accordance herewith.

---

[1] The amendment contained in the Act of July 2, 1940, 54 Stat. 715, is of no material importance here.